IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 116,541

In the Matter of SCOTT M. MCFALL,
*Respondent*.

ORIGINAL PROCEEDING IN DISCIPLINE

Original proceeding in discipline. Opinion filed March 18, 2022. Six-month suspension.

*Alice Walker*, Deputy Disciplinary Administrator, argued the cause, and *Kimberly L. Knoll*, Deputy Disciplinary Administrator, and *Stanton A. Hazlett*, Disciplinary Administrator, were on the formal complaint for the petitioner.

*Scott M. McFall*, respondent, argued the cause pro se.

PER CURIAM:  This is an original proceeding in discipline filed by the office of the Disciplinary Administrator against the respondent, Scott M. McFall, of Olathe, an attorney admitted to the practice of law in Kansas in 2008, that comes before us in an unusual procedural posture. This matter involves the initial filing of a formal complaint, a hearing and findings of a hearing panel in 2016, a transfer to disability inactive status just prior to the hearing before this court in 2017, and then a subsequent hearing and findings before the hearing panel in 2021. The following summarizes the history of this case before the court:

On May 2, 2016, the office of the Disciplinary Administrator filed a formal complaint against the respondent alleging violations of the Kansas Rules of Professional Conduct (KRPC). Shortly thereafter, the respondent filed an answer to the complaint. A hearing was held on the complaint before a panel of the Kansas Board for Discipline of Attorneys on July 7, 2016, where the respondent appeared in person with counsel. The

1

hearing panel determined the respondent violated KRPC 1.3 (2022 Kan. S. Ct. R. at 331) (diligence); 1.4(a) (2022 Kan. S. Ct. R. at 332) (communication); 8.4(c) (2022 Kan. S. Ct. R. at 434) (misconduct involving dishonesty or misrepresentation); and 8.4(d) (2022 Kan. S. Ct. R. at 434) (misconduct) and Supreme Court Rule 210(a) (2022 Kan. S. Ct. R. at 263) (formerly Rule 207[b]) (duties).

On September 20, 2016, this case was docketed with the Supreme Court. The respondent did not file any exceptions and the court scheduled the oral argument for January 23, 2017. Just prior to the oral argument, on January 17, 2017, through counsel, the respondent filed a petition to transfer his license to disability inactive status. The Disciplinary Administrator's office did not oppose the request.

On January 19, 2017, the Supreme Court stayed the proceedings of this attorney discipline case and took the following actions: (1) transferred the respondent to disability inactive status; (2) ordered the respondent to undergo any medical or psychological testing to determine whether he is incapacitated by reason of mental infirmity or illness; and (3) directed the parties to file the report of evaluation with the court under seal.

No action by the respondent or the Disciplinary Administrator's office was taken in this matter for the next three years.

As a result of this inactivity, on February 22, 2021, the Supreme Court directed each party to file a report explaining the status of this case and how the court should proceed in light of that status. The Disciplinary Administrator's office timely filed a status report. The respondent failed to respond to the court's status request.

The court ordered the respondent to appear before the court on May 25, 2021, to show cause why he failed to comply with the court's January 19, 2017 Order. Following that hearing, on June 10, 2021, the court removed the respondent from disability inactive

2

status and temporarily suspended the respondent's license to practice law and ordered the office of the Disciplinary Administrator to resume the disciplinary proceedings.

A hearing was held on the complaint before a panel of the Kansas Board for Discipline of Attorneys on August 30, 2021, where the respondent appeared in person with counsel. Two of the three-member panel presided over the original hearing in 2016.

Upon conclusion of the August 2021 hearing, the panel wrote a supplemental hearing report which included additional findings of fact and conclusions of law, together with its recommendation to this court.

Below is the original 2016 Final Hearing Report followed by the 2021 Supplemental Hearing Report:

"*Findings of Fact*

"6.      The hearing panel finds the following facts, by clear and convincing evidence:

"7.      Scott M. McFall (hereinafter 'the respondent') is an attorney at law, Kansas attorney registration number 23814. His last registration address with the clerk of the appellate courts of Kansas is 104 East Poplar, Olathe, Kansas 66061. The Kansas Supreme Court admitted the respondent to the practice of law in the State of Kansas on September 26, 2008.

"*DA11905*

"8.      On April 25, 2014, the respondent and the disciplinary administrator entered into an attorney diversion agreement. In the agreement, the respondent stipulated that he failed to file an appeal on behalf of a client convicted of first-degree murder. Additionally, the respondent admitted that he failed to properly communicate with his

3

client. (The respondent's client filed a *pro se* motion for new counsel. The motion was granted and new counsel was appointed.)

"9.     The respondent failed to comply with the terms and conditions of the diversion agreement. The disciplinary administrator notified the respondent that he was not in compliance with the agreement. The diversion agreement was extended to allow the respondent to comply. The respondent continued to fail to comply with the terms and conditions of the diversion agreement. Further, new complaints were received, including a complaint self-reported by the respondent. As a result, the diversion agreement was revoked.

"*DA12381*

"10.     On June 22, 2015, N.J. filed a complaint with the disciplinary administrator's office. The disciplinary administrator forwarded the complaint to the respondent. The disciplinary administrator sent the respondent two letters, directing the respondent to provide a response to the complaint filed by N.J. The respondent failed to do so. Thereafter, the disciplinary administrator docketed the case for investigation. The respondent failed to respond to the investigator during the investigation of the case.

"*DA12416*

"11.     On October 6, 2015, the Kansas Supreme Court issued an order suspending the respondent's license to practice law for failing to comply with the annual registration requirements.

"12.     Following the issuance of the suspension order, on October 20, 2015, the respondent appeared in Johnson County District Court on three separate criminal matters. After the respondent appeared in court, the presiding judge learned that the respondent's license to practice law was suspended. The judge contacted the respondent and informed the respondent that his license to practice law had been suspended.

"13.     On October 21, 2015, the respondent hand-delivered the required registration documents to the Clerk of the Appellate Courts.

4

"14.    On October 28, 2015, the Kansas Supreme Court issued an order reinstating the respondent's license to practice law. That same day, the respondent self-reported his misconduct to the disciplinary administrator.

"15.    The disciplinary administrator docketed the case for investigation. The respondent did not cooperate in the investigation. The investigator assigned to investigate the complaint requested that the respondent schedule an interview. The respondent failed to do so. Additionally, the investigator left telephone messages for the respondent. The respondent did not contact the investigator following the telephone messages.

"*DA12417*

"16.    On October 26, 2015, C.M. filed a complaint against the respondent. The disciplinary administrator forwarded a copy of the complaint to the respondent and directed that the respondent forward a response to the complaint within 20 days. The respondent failed to do so.

"17.    The disciplinary administrator docketed the case for investigation. The respondent did not cooperate in the investigation. The investigator assigned to investigate the complaint requested that the respondent contact the investigator and schedule an interview. The respondent failed to do so. Additionally, the investigator left telephone messages for the respondent. The respondent did not return the telephone calls.

"18.    On February 18, 2016, Special Investigator Terry Morgan attempted to locate the respondent. Mr. Morgan went to the respondent's office and learned that he was in court. Mr. Morgan left his business card for the respondent with a message asking him to call. Mr. Morgan also went to the respondent's residence. Mr. Morgan also left a business card for the respondent at his residence, asking him to call. The respondent did not call Mr. Morgan.

"19.    On February 22, 2016, Mr. Morgan sent the respondent an electronic mail message. On February 25, 2016, the respondent responded to Mr. Morgan's electronic mail message. The respondent confirmed that he had received the correspondence regarding the complaints. The respondent explained that he has been

5

dealing with personal issues. The respondent confirmed that his registration address was correct. The respondent promised that he would provide responses to the complaints by February 29, 2016. The respondent failed to provide responses to the complaints.

"20.    On March 1, 2016, Mr. Morgan sent the respondent an additional electronic mail message, asking about the responses to the complaints. The respondent failed to respond to Mr. Morgan's message. The respondent made no further contact with Mr. Morgan. The respondent did not provide responses to the complaints.

"*Conclusions of Law*

"21.    Based upon the findings of fact, the hearing panel concludes as a matter of law that the respondent violated KRPC 1.3, KRPC 1.4, KRPC 5.5, KRPC 8.1, KRPC 8.4, and Kan. Sup. Ct. R. 207, as detailed below.

"KRPC 1.3

"22.    Attorneys must act with reasonable diligence and promptness in representing their clients. See KRPC 1.3. The respondent failed to diligently and promptly represent his client in DA11905. The respondent failed to perfect an appeal. (Luckily, new counsel was appointed and the respondent's client did not lose his right to appeal.) Because the respondent failed to act with reasonable diligence and promptness in representing his client, the hearing panel concludes that the respondent violated KRPC 1.3.

"KRPC 1.4

"23.    KRPC 1.4(a) provides that '[a] lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.' *Id.* In DA11905, the respondent violated KRPC 1.4(a) when he failed to keep in contact with his client. Accordingly, the hearing panel concludes that the respondent violated KRPC 1.4(a).

6

"24.     KRPC 5.5(a) prohibits the unauthorized practice of law. After the Kansas Supreme Court suspended the respondent's license to practice law, the respondent continued to practice law. Specifically, in DA12416, the respondent appeared in district court on three separate matters following his suspension. As such, the hearing panel concludes that the respondent violated KRPC 5.5(a).

"KRPC 8.4(d) and KRPC 8.4(g)

"25.     'It is professional misconduct for a lawyer to . . . engage in conduct that is prejudicial to the administration of justice . . . [and] engage in any other conduct that adversely reflects on the lawyer's fitness to practice law.' KRPC 8.4. In DA12416, the respondent engaged in conduct that was prejudicial to the administration of justice and adversely reflects on this fitness to practice law when he continued to practice law after his license to do so was suspended. As such, the hearing panel concludes that the respondent violated KRPC 8.4(d) and KRPC 8.4(g).

"KRPC 8.1 and Kan. Sup. Ct. R. 207(b)

"26.     Lawyers must cooperate in disciplinary investigations. KRPC 8.l(b) and Kan. Sup. Ct. R. 207(b) provide the requirements in this regard. '[A] lawyer in connection with a . . . disciplinary matter, shall not: . . . knowingly fail to respond to a lawful demand for information from [a] . . . disciplinary authority, . . .' KRPC 8.1(b).

> 'It shall be the duty of each member of the bar of this state to aid the
> Supreme Court, the Disciplinary Board, and the Disciplinary
> Administrator in investigations concerning complaints of misconduct,
> and to communicate to the Disciplinary Administrator any information
> he or she may have affecting such matters.' Kan. Sup. Ct. R. 207(b).

In DA12381, DA12416, and DA12417, the respondent knew that he was required to forward written responses to the initial complaints, schedule interviews, and otherwise cooperate in the disciplinary investigation, as he had been repeatedly instructed to do so

in writing by the disciplinary administrator and the investigators. Because the respondent failed to cooperate in the disciplinary investigations, the hearing panel concludes that the respondent violated KRPC 8.1(b) and Kan. Sup. Ct. R. 207(b).

"*American Bar Association*
*Standards for Imposing Lawyer Sanctions*

"27.     In making this recommendation for discipline, the hearing panel considered the factors outlined by the American Bar Association in its Standards for Imposing Lawyer Sanctions (hereinafter 'Standards'). Pursuant to Standard 3, the factors to be considered are the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors.

"28.     *Duty Violated.* The respondent violated his duty to his client in DA11905 to provide diligent representation and adequate communication. Additionally, the respondent violated his duty to the profession to comply with the annual licensing requirements and cooperate in disciplinary investigations.

"29.     *Mental State.* The respondent negligently and knowingly violated his duties.

"30.     *Injury.* As a result of the respondent's misconduct, the respondent's client in DA11905 suffered potential but no actual harm. Additionally, as a result of the respondent's other misconduct, the respondent likewise caused potential injury to the legal profession.

"Aggravating and Mitigating Factors

"31.     Aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed. In reaching its recommendation for discipline, the hearing panel, in this case, found the following aggravating factors present:

8

"32.    *A Pattern of Misconduct.* The respondent engaged in a pattern of misconduct by repeatedly failing to provide responses to the initial complaints and cooperate in the disciplinary investigations.

"33.    *Multiple Offenses.* The respondent committed multiple rule violations. The respondent violated KRPC 1.3, KRPC 1.4, KRPC 5.5, KRPC 8.1, KRPC 8.4, and Kan. Sup. Ct. R. 207. Accordingly, the hearing panel concludes that the respondent committed multiple offenses.

"34.    Mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed. In reaching its recommendation for discipline, the hearing panel, in this case, found the following mitigating circumstances present:

"35.    *Absence of a Prior Disciplinary Record.* The respondent has not previously been disciplined.

"36.    *Absence of a Dishonest or Selfish Motive.* The respondent's misconduct does not appear to have been motivated by dishonesty or selfishness.

"37.    *Personal or Emotional Problems if Such Misfortunes Have Contributed to Violation of the Kansas Rules of Professional Conduct.* The respondent has had significant personal or emotional problems during the past five years.

a.    In June, 2011, the respondent received a complaint from an employee working for his law firm that the respondent's partner, may have been taking inappropriate videos of his female employees. The respondent investigated the claims, filed a disciplinary complaint against his partner, and severed his ties with his partner. The difficulties with his law partner created a stressful work environment for an extended period of time.

b.    Approximately a week after receiving the complaint from his employee, the respondent's second born son died as a result of Sudden Infant Death Syndrome.

c.    Shortly after the birth of their third child, in 2013, in the respondent's wife unexpectedly sought and received a divorce.

9

d. A few years ago, the respondent learned that his oldest son, born in 2005, suffers from a neurological condition on the autistic spectrum.

e. The respondent suffers from depression and attention deficit disorder.

f. It is clear that the respondent's personal and emotional problems significantly contributed to his misconduct.

g. The respondent has recently begun to address his issues with depression and attention deficit disorder. The hearing panel is impressed with the respondent's start toward recovery. The hearing panel notes that the respondent recently entered into a KALAP monitoring agreement and is in compliance with the terms and conditions of the agreement. Additionally, the respondent has recently commenced mental health treatment. Finally, two days prior to the hearing, the respondent began medication to help him with this attention deficit disorder. While testifying under oath, the respondent promised to continue to comply with the KALAP agreement and the treatment recommendations. The hearing panel is hopeful that the respondent will stay the course as promised under oath and reap the benefits that KALAP, mental health treatment, and medication will provide to him.

"38. *The Present and Past Attitude of the Attorney as Shown by His or Her Cooperation During the Hearing and His or Her Full and Free Acknowledgment of the Transgressions.* During the hearing, the respondent fully cooperated with the disciplinary process. Additionally, the respondent admitted the facts that gave rise to the violations.

"39. *Inexperience in the Practice of Law.* The Kansas Supreme Court admitted the respondent to the practice of law in 2008. Thus, the respondent is inexperienced in the practice of law.

"40. *Previous Good Character and Reputation in the Community Including Any Letters from Clients, Friends and Lawyers in Support of the Character and General Reputation of the Attorney.* The respondent is an active and productive member of the bar of Olathe, Kansas. The respondent also enjoys the respect of his peers and generally possesses a good character and reputation as evidenced by the testimony presented by the respondent as well as by the respondent's exhibits.

10

"41.    *Remorse.* In his answer, the respondent expressed genuine remorse for having engaged in the misconduct.

"42.    In addition to the above-cited factors, the hearing panel has thoroughly examined and considered the following Standards:

"4.42    'Suspension is generally appropriate when:
'(a)    a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or
'(b)    a lawyer engages in a pattern of neglect and causes injury or potential injury to a client.'

"4.43    'Reprimand is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client.'

"7.2    'Suspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional, and causes injury or potential injury to a client, the public, or the legal system.'

"7.3    'Reprimand is generally appropriate when a lawyer negligently engages in conduct that is a violation of a duty owed as a professional, and causes injury or potential injury to a client, the public, or the legal system.'

"*Recommendation*

"43.    The disciplinary administrator recommended that the respondent be suspended for 90 days. The disciplinary administrator also recommended that the respondent undergo a reinstatement hearing under Kan. Sup. Ct. R. 219. Counsel for the respondent recommended that the hearing panel informally admonish the respondent. Additionally, counsel for the respondent recognized the respondent's need to comply with ongoing treatment.

11

"44.     This is a difficult case. The respondent's misconduct is directly tied to his personal difficulties. It seems harsh to suspend the respondent from the practice of law in this situation. However, because of the respondent's failure to cooperate in the disciplinary proceeding and because the respondent's treatment of his depression and attention deficit disorder commenced only within the week prior to the hearing, it is incumbent upon the hearing panel to recommend suspension from the practice of law. Thus, the hearing panel recommends that the Court suspend the respondent's license for a period of 90 days and that the Court require the respondent to participate in a reinstatement hearing under Kan. Sup. Ct. R. 219 to establish that his difficulties have been properly addressed.

"45.     As an aside, had the respondent complied with Kan. Sup. Ct. R. 218(g), developed a workable, substantial, and detailed plan of probation, and timely put the plan into place, the hearing panel would have strongly considered recommending that the Court place the respondent on probation.

"46.     Costs are assessed against the respondent in an amount to be certified by the Office of the Disciplinary Administrator."

2021 Supplemental Final Hearing Report

"*Findings of Fact*

"17.     During the hearing, Mr. Hazlett called two witnesses to testify:  William C. Delaney, special investigator with the disciplinary administrator's office, and the respondent.

"18.     Mr. Delaney testified regarding the investigation he conducted following the Supreme Court's June 10, 2021, order. During the investigation, Mr. Delaney discovered two issues related to the respondent's financial situation.

"19.     First, the respondent owed approximately $1,500 in back state income taxes. The respondent testified that he anticipated receiving a federal tax refund in excess

12

of $3,000. He testified that the back state taxes would be satisfied with the federal tax refund.

"20.    Second, the respondent failed to pay his student loans and a judgment in the amount of $6,700 was entered against him. The judgment remains unpaid. The respondent testified that he is in the process of making payment arrangements.

"21.    The respondent testified about what he has been doing since the time his license was transferred to disability inactive status.

"22.    Mr. Hazlett asked the respondent why he did not comply with the Supreme Court's order. The respondent testified that he simply neglected to do so. After he was released from treatment with Valley Hope, he did not review the order and do what he was required to do.

"23.    The respondent testified that he is gainfully employed in a full-time position that generates a good salary. He testified that he now has a sufficient amount of income to meet his financial obligations.

"24.    The respondent testified that during the time the disciplinary proceeding was pending, he had a problem with alcohol. The respondent successfully completed treatment at Valley Hope Rehabilitation Center. He testified that he has been sober for four years. However, the respondent testified that he does not regularly attend AA meetings. The respondent testified that he is willing to resume attendance at AA meetings.

"25.    The respondent testified that his family situation is much better than it was at the time of the original disciplinary hearing. He testified that he has a good working relationship with his ex-wife and her new husband. He testified that they are able to effectively co-parent the children.

13

"*Recommendation of the Disciplinary Administrator*

"26.     The disciplinary administrator recommended that the respondent's license be suspended for a period of six months. The disciplinary administrator also recommended that the respondent undergo a reinstatement hearing, under Rule 232, prior to consideration of reinstatement.

"*Recommendation of the Respondent*

"27.     The respondent joined in the disciplinary administrator's recommendation for a six month suspension and a reinstatement hearing.

"*Recommendation of the Hearing Panel*

"28.     Based on the original final hearing report, the respondent's failure to comply with the Supreme Court's order to submit to an evaluation, as well as the testimony and the arguments presented at the hearing on August 30, 2021, the hearing panel recommends that the respondent's license to practice law be suspended for six months. The hearing panel further recommends that prior to consideration of reinstatement, the respondent undergo a reinstatement hearing, under Rule 232.

"29.     Further, the hearing panel recommends that prior to filing a petition for reinstatement, the respondent resume regular attendance at AA meetings at a minimum of once per week and that the respondent undergo the evaluation as previously ordered by the Supreme Court."

DISCUSSION

In a disciplinary proceeding, this court considers the evidence, the findings of the hearing panel, and the arguments of the parties and determines whether violations of KRPC exist and, if they do, what discipline should be imposed. Attorney misconduct must be established by clear and convincing evidence. *In re Foster*, 292 Kan. 940, 945, 258 P.3d 375 (2011); see Supreme Court Rule 226(a)(1)(A) (2022 Kan. S. Ct. R. at 281).

14

"Clear and convincing evidence is 'evidence that causes the factfinder to believe that "the truth of the facts asserted is highly probable."'" *In re Lober*, 288 Kan. 498, 505, 204 P.3d 610 (2009) (quoting *In re Dennis*, 286 Kan. 708, 725, 188 P.3d 1 [2008]).

The respondent was given adequate notice of the formal complaint to which he filed an answer. The respondent was also given adequate notice of both hearings before the panel and the hearings before this court. He did not file exceptions to either the initial hearing panel's final report or the supplemental final report.

With no exceptions before us, the panel's factual findings are deemed admitted. Supreme Court Rule 228(g)(1), (2) (2022 Kan. S. Ct. R. at 287). The facts before the hearing panel relating to the original hearing panel report from 2016 establish by clear and convincing evidence the charged misconduct in violation of KRPC 1.3 (diligence); 1.4(a) (communication); 8.4(c) (misconduct involving dishonesty or misrepresentation); 8.4(d) (misconduct that is prejudicial to the administration of justice); and Supreme Court Rule 210(a). The evidence also supports the panel's conclusions of law. Further, the findings from the subsequent hearing held on August 30, 2021, are supported by clear and convincing evidence. We, therefore, adopt the panel's findings and conclusions from both hearings.

This court is not bound by the recommendations made by the Disciplinary Administrator or the hearing panel. See *In re Biscanin*, 305 Kan. 1212, 1229, 390 P.3d 886 (2017). The original 2016 hearing panel report recommended a 90-day suspension and a reinstatement hearing provided by then Rule 219. Now, based on the original 2016 final hearing report and the respondent's failure to comply with the Supreme Court's order to provide the court with an evaluation while on disability inactive status coupled with the testimony and arguments presented at the subsequent hearing on August 30, 2021, the hearing panel recommends that the respondent's license to practice law be suspended for a period of six months. The panel further recommends that the respondent undergo a

15

reinstatement hearing under Rule 232 prior to consideration of reinstatement. The hearing panel also recommends that prior to filing a petition for reinstatement, the respondent resume at least weekly A.A. meetings and undergo an evaluation as previously ordered by this court.

Both the Disciplinary Administrator and the respondent agree and join the hearing panel's recommendation.

We also agree with the joint recommendation by all of the parties appearing before us. We find that the doubling of the original three-month suspension to six months is warranted by the findings contained in the Supplemental Hearing Report. This, coupled with the respondent's admitted misconduct in this case, compels enhancement of the initial 2016 joint 90-day suspension recommended by both the hearing panel and the Disciplinary Administrator.

We therefore adopt the agreed recommendation of a six-month suspension effective on the date of the filing of this opinion. Further, should the respondent seek reinstatement, he must undergo a reinstatement hearing under Supreme Court Rule 232 (2022 Kan. S. Ct. R. at 293). Prior to filing a petition for reinstatement, the respondent must also undergo an evaluation as previously ordered by this court and, at a minimum, attend weekly A.A. meetings or a similar treatment program as may be indicated by the subsequent ordered evaluation and as approved by the Disciplinary Administrator.

CONCLUSION AND DISCIPLINE

IT IS THEREFORE ORDERED that Scott M. McFall be suspended for six months from the practice of law in the state of Kansas, in accordance with Supreme Court Rule 225(a)(3) (2022 Kan. S. Ct. R. at 281) for violations of KRPC 1.3, 1.4(a), 8.4(c), 8.4(d), and Supreme Court Rule 210(a).

16

IT IS FURTHER ORDERED that the respondent shall comply with Supreme Court Rule 231 (2022 Kan. S. Ct. R. at 292).

IT IS FURTHER ORDERED that if respondent applies for reinstatement, he shall comply with Supreme Court Rule 232 (2022 Kan. S. Ct. R. at 293) and be required to undergo a reinstatement hearing.

IT IS FURTHER ORDERED that the costs of these proceedings be assessed to the respondent and that this opinion be published in the official Kansas Reports.